UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                                             Case No. 13-4001-wsd
                                                               Chapter 7
Robert S. Shumake,                                    Hon. Walter S. Shapero

        Debtor.
_____/

## TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE

K. Jin Lim, Trustee, by and through her attorneys, Schneider Miller, P.C., states:

1.     K. Jin Lim, Trustee is the duly appointed and acting Chapter 7 Trustee in this case.

2.     Debtor Robert Shumake (the "Debtor") filed his petition for Chapter 7 bankruptcy relief on January 1, 2013.

3.     At the time of Debtor's bankruptcy filing Debtor held an interest in real property located at 9759 Brownie Brooke Ln, Charlevoix, MI; with legal description as follows:

> Units 77 and 78, Charlevoix Country Club Condominium, according to the Master Deed as Recorded in Liber 335, Pages 47-104, Charlevoix County Records, as amended by First Amendment to Master Deed, Recorded in Liber 339, Pages 290-297, and Second Amendment to Master Deed, Recorded in Liber 347, Pages 158-174, and Third Amendment to Master Deed, Recorded in Liber 356, Page 540, K Charlevoix County Records, and designated as Charlevoix County Subdivision Plan No. 62, together with rights in general common elements and limited common elements as set forth in the above Master Deed and as Described in Act 59 of the Public Acts of 1978, as Amended.

4. Debtor elected an exemption of $10,800.00 in the property.

5. Prior to bankruptcy the property was foreclosed and Debtor disputed the validity of the foreclosure.

6. As of the petition date, Debtor had sought an appeal of the lower court's ruling affirming the validity of the foreclosure and the issues were pending at the Michigan Court of Appeals. The issues on appeal had been fully briefed prior to the bankruptcy and the appeal was pending as of the petition date.

7. A hearing on the appeal was just recently scheduled for December 4, 2013.

8. JP Morgan Chase Bank, NA has offered to pay the estate $20,000.00 (the "Settlement Payment") to settle the estate's claims and interests in the Property that are the subject of the appeal.

9. In consideration for the Settlement Payment and subject the bankruptcy court approval the Trustee has accepted the payment and in exchange will to execute a quit claim deed as directed by JP Morgan Chase Bank, NA and dismiss the appeal with prejudice.

10. Pursuant to an order approving this compromise the Debtor will be required to vacate the Property on or before January 1, 2014. The Debtor will be required to take steps necessary to ensure that all items of personal property are removed and that all keys are turned over to the Trustee on or before January 1, 2014. Any items of personal property remaining after that date will be deemed abandoned and may be disposed of by Chase and/or Deutsche Bank in any manner they see fit. Chase

and/or Deutsche Bank will be entitled to take possession of the property at 9759 Brownie Brooke Ln, Charlevoix, MI on January 2, 2014, at 12:01 A.M. (EST).

11. In the event that Debtor vacates the Property prior to January 1, 2014, Debtor will be required to promptly notify counsel for Chase/Deutsche Bank of same.

12. Debtor is expected to continue all utilities, maintain hazard insurance and maintain the Property in a habitable condition until the Property is vacated. Up until the time the Property is vacated, Debtor will be required to immediately notify counsel for Chase/Deutsche Bank, in writing, of any problem, malfunction or damage.

13. As additional consideration for the settlement payment and upon bankruptcy court approval, the Trustee agrees to release, acquit, and forever discharge Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-7, JPMorgan Chase Bank, N.A., their respective parent, holding, subsidiary, affiliated, and related entities, and directors, officers, representatives, insurers, attorneys, and all persons acting by, through, under or in concert with them, from any and all claims, causes of action, suits, debts and/or demands of any kind whatsoever, in law or in equity, known or unknown, from the beginning of time up to and including the date of entry of this Order, that the Trustee now has or ever had the right to assert, arising out of or that are in any way related to the Property, the Litigation and/or the pending bankruptcy proceeding in this matter.

14. The Trustee believes that Court approval of this settlement is in the best interest of the estate and its creditors for the reason, among others, that the costs of litigation are unwarranted in light of the proposed settlement. There may also be defenses raised which subject the estate to a risk of no recovery.

15. It is generally held that the bankruptcy court may approve a settlement if it is fair and equitable and is in the estate's best interest. *Reynolds v. C.I.R.*, 861 F.2d 469, 473 (Sixth Cir., 1988); *In Re American Reserve Corp.*, 849 F.2d 159, 161 (Seventh Cir., 1987).

16. Four Factors are relevant to the bankruptcy court's review of a proposed compromise:

    a.  The probability of success in the litigation;

    b.  The difficulties, if any, to be encountered in the matter of collection;

    c.  The complexity of the litigation involved, the expense, inconvenience, and delay necessarily attending it; and

    d.  The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In Re Jackson Brewing Co.*, 624 F.2d 605, 607 (Fifth Cir., 1980); *In Re American Reserve Corp.*, 841 F.2d 161; *In Re Woodson*, 839 F.2d 610, 620 (Ninth Cir., 1998). The Trustee, in recommending that this court approve the proposed compromise, has given due weight to the four (4) criteria set forth above and believes that the proposed compromise is fair and equitable and in the best interest of the estate and its creditors.

17. The Trustee has provided notice to creditors of the proposed compromise of the claim in accordance with L.B.R. 9014-1 (E.D.M.).

WHEREFORE the Trustee prays for entry of an appropriate order upon court approval of the terms of this settlement.

Dated: November 18, 2013         */s/Kimberly Ross Clayson*
Kimberly Ross Clayson
Attorneys for the Trustee
Schneider Miller, P.C.
645 Griswold, Suite 3900
Detroit, MI 48226
313-237-0850
kclayson@schneidermiller.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**In the Matter of:**                                    Case No. 13-4001-wsd
                                                         Chapter 7
**Robert S. Shumake,**                                   Hon. Walter S. Shapero

    **Debtor.**
_____/

## Exhibit List

| Exhibit | Description |
|---|---|
| 1 | Proposed Order |
| 2 | Notice of Opportunity to Respond |
| 3 | Certificate of Service |

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In the Matter of:                                        Case No. 13-4001-wsd
                                                                            Chapter 7

**Robert S. Shumake,**                             Hon. Walter S. Shapero

       **Debtor.**

_____/

## ORDER APPROVING COMPROMISE

This matter is before the Court on the Trustee's Motion for Order Approving Compromise. Notice of the motion was served on creditors and interested parties and no objections were filed. The Court has reviewed the motion and finds good cause to enter this order.

**IT IS HEREBY ORDERED** as follows:

1.      The Trustee's Motion is granted;

2.      JPMorgan Chase Bank, N.A. ("Chase"), shall pay or cause to be paid the sum of $20,000.00 (the "Settlement Amount") to the Trustee, K. Jin Lim, Esq., and deliver a check in that amount to counsel for the Trustee, Schneider Miller, PC, 3900 Penobscot Building, 645 Griswold, Detroit, Michigan 48226, attn.: Kimberly Ross Clayson, Esq., within 28 days of entry of this Order.

3.      In consideration of the payment of the Settlement Amount,

         a.      the Trustee shall execute a quit claim deed conveying any and all interest in the property located at 9759 Brownie Brooke Ln, Charlevoix, MI (the "Property") to Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-7 ("Deutsche Bank"). The Property is more particularly described as follows:

> Units 77 and 78, Charlevoix Country Club Condominium, according to the Master Deed as Recorded in Liber 335, Pages

47-104, Charlevoix County Records, as amended by First Amendment to Master Deed, Recorded in Liber 339, Pages 290-297, and Second Amendment to Master Deed, Recorded in Liber 347, Pages 158-174, and Third Amendment to Master Deed, Recorded in Liber 356, Page 540, K Charlevoix County Records, and designated as Charlevoix County Subdivision Plan No. 62, together with rights in general common elements and limited common elements as set forth in the above Master Deed and as Described in Act 59 of the Public Acts of 1978, as Amended.

c/k/a:  9759 Brownie Brooke Ln, Charlevoix, MI;

Tax Parcel Nos. 004-365-077-00; 004-365-078-00.

    b.    The Trustee shall execute such documents as are necessary to cause the appeal pending in the Michigan Court of Appeals, entitled *Robert Shumake v Deutsche Bank National Trust Company*, COA Docket No. 312283; Lower Court No. 12-0983-23 (collectively, the "Litigation"); to be dismissed with prejudice and without costs to any party;

4.    The property located at 9759 Brownie Brooke Ln, Charlevoix, MI shall be vacated on or before January 1, 2014.  The Debtor shall take steps necessary to ensure that all items of personal property are removed and that all keys are turned over to the Trustee on or before January 1, 2014.  Any items of personal property remaining after that date shall be deemed abandoned and may be disposed of by Chase and/or Deutsche Bank in any manner they see fit.

5.    Chase and/or Deutsche Bank shall be entitled to take possession of the property at 9759 Brownie Brooke Ln, Charlevoix, MI on January 2, 2014, at 12:01 A.M. (EST).

6.    In the event that Debtor vacates the Property prior to January 1, 2014, Debtor shall promptly notify counsel for Chase/Deutsche Bank of same.

7. Debtor shall continue all utilities, maintain hazard insurance and maintain the Property in a habitable condition until the Property is vacated. Up until the time the Property is vacated, Debtor shall immediately notify counsel for Chase/Deutsche Bank, in writing, of any problem, malfunction or damage.

8. In further consideration of the payment of the Settlement Amount, the Trustee hereby releases, acquits, and forever discharges Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-7, JPMorgan Chase Bank, N.A., their respective parent, holding, subsidiary, affiliated, and related entities, and directors, officers, representatives, insurers, attorneys, and all persons acting by, through, under or in concert with them, from any and all claims, causes of action, suits, debts and/or demands of any kind whatsoever, in law or in equity, known or unknown, from the beginning of time up to and including the date of entry of this Order, that the Trustee now has or ever had the right to assert, arising out of or that are in any way related to the Property, the Litigation and/or the pending bankruptcy proceeding in this matter.

9. A copy of this Order may be recorded with the Charlevoix County Register of Deeds.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                                                                                 Case No. 13-4001-wsd
                                                                                        Chapter 7

**Robert S. Shumake,**                                             Hon. Walter S. Shapero

        **Debtor.**
_____/

### NOTICE OF TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE

      K. Jin Lim, Trustee has filed papers with the court to seek approval of a compromise for claims against JP Morgan Chase Bank, NA et al. Terms provide that JP Morgan Chase Bank, NA is to pay $20,000.00 to the estate within 28 days of entry of an order approving compromise. In exchange the Trustee agrees to dismiss a state court appeal related to foreclosure of 9759 Brownie Brooke Ln, Charlevoix, MI and otherwise release JP Morgan Chase Bank, NA from claims and will execute a quit claim deed as described in the proposed order. This settlement remains subject to bankruptcy court approval.

      **Your right may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the court to grant the relief sought in the application, or if you want the court to consider your views on the application, within twenty-one (21) days of the date of this notice, you or your attorney must:

1.     File with the court a written objection or request for hearing on the application explaining your position, at:

                        United States Bankruptcy Court
                        211 West Fort Street, Suite 1700
                        Detroit, Michigan 48226

      If you mail your objection or request for hearing to the court for the filing, you must mail it early enough so that the court will **receive** it on or before the 21-day period expires.

      You must also mail a copy to:
                        Kimberly Ross Clayson
                        Schneider Miller, P.C.
                        645 Griswold, Suite 3900
                        Detroit, Michigan 48226

      And all creditors and parties in interest listed on the attached service list.

2.     If an objection or request for hearing is timely filed and served, the clerk will schedule a hearing on the application and you'll be served with a notice of the date, time and location of the hearing.

      **If you or your attorney do not take these steps, the court may decide that you do not oppose the relief in the application and may enter an order granting that relief.**

Dated: November 18, 2013                                      /s/Kimberly Ross Clayson
                                                                          Kimberly Ross Clayson (P69804)
                                                                          Attorneys for the Trustee
                                                                          Schneider Miller, P.C.
                                                                          645 Griswold, Suite 3900
                                                                          Detroit, MI 48226
                                                                          313-237-0850
                                                                          kclayson@schneidermiller.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                                Case No. 13-4001-wsd
                                                         Chapter 7
Robert S. Shumake,                          Hon. Walter S. Shapero

      Debtor.
_____/

## CERTIFICATE OF SERVICE

Re:    Trustee's Motion for Order Approving Compromise, Stipulation, Proposed Order, Notice of Opportunity to Respond and Certificate of Service.

I hereby certify that on this 18th day of November 2013, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to the office of the United States Trustee and all those listed by the court as receiving electronic notices in this case from the court's CM/ECF system.

Also, I certify that on this 18th day of November, 2013, the foregoing was served on Debtor at his address of record with the bankruptcy court.

Also, I certify that on this 18th day of November, 2013, Notice of the Trustee's Motion was served via United States Postal Service first-class mail, postage prepaid, to all creditors and other parties in interest listed on the court's mailing matrix.

                                                               */s/Kimberly Ross Clayson*
                                                               Kimberly Ross Clayson (P69804)
                                                               Attorneys for the Trustee
                                                               Schneider Miller, P.C.
                                                               645 Griswold, Suite 3900
                                                               Detroit, MI 48226
                                                               313-237-0850
                                                               kclayson@schneidermiller.com