UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:     In Bankruptcy

**ROBERT SHUMAKE**,     Case No. 13-40001-wsd
Chapter 7
Hon. Walter Shapero

    Debtor(s).
_____/

**K. JIN LIM, TRUSTEE,**

    Plaintiff,

v.     Case No.
Hon. Walter Shapero

**MUSIC HALL CENTER FOR
PERFORMING ARTS, INC.,**

    Defendant(s).
_____/

## COMPLAINT

K. Jin Lim, Trustee, in the Chapter 7 Bankruptcy of Robert S. Shumake, by her attorneys, Schneider Miller P.C., states as follows:

1. K. Jin Lim (the "Plaintiff") is the duly appointed Chapter 7 bankruptcy trustee of the Robert Shumake bankruptcy estate ("Debtor") and the Plaintiff in this lawsuit.

2. Debtor filed his petition for bankruptcy relief on January 1, 2013.

3. The Defendant Music Hall Center for Performing Arts, Inc. is a Michigan corporation whose resident agent and address for service is Cameron Duncan, 350 Madison, Detroit, Michigan 48226.

4. This lawsuit is an action to avoid a fraudulent transfer of money and to recover the transfer for the estate pursuant to 11 U.S.C. §§549, 550 and Bankr. R. 7001(1).

5. This is a core proceeding and this court has jurisdiction of this matter pursuant to 28 U.S.C. §157(b)(2)(H).

6. The Debtor's Statement of Financial Affairs ("SOFA") states at question 2 that his 2012 income was $300,000.00 from life insurance proceeds. (Exhibit A).

7. The Debtor confirmed in testimony on March 11, 2014 that he received a payment of approximately $300,000.00 in 2012 for life insurance proceeds as a result of the death of his friend Rodney Prater's father, after paying some or all of the life insurance premium for some time prior to the death of Mr. Prater's father. The Debtor did not recall the name of his friend's father. (Exhibit B March 11, 2014 Transcript P83L2).

8. The Debtor disclosed in his SOFA at question 18 regarding his interests in businesses an interest in a company known as Second Life, LLC and the Debtor indicated in the SOFA it "has not conducted business."

9. The Bank of America bank account records for Second Life, LLC show a deposit of $300,575.00 which took place on March 29, 2012. (Exhibit C March 2012 Bank of America/Second Life, LLC bank account record).

10. The Debtor's testimony confirmed that this deposit was the deposit of the life insurance proceeds he received in 2012. (Exhibit B P81L2).

11. Another deposit of $404,000.00 was made on April 18, 2014. The Debtor was unable to explain the source or the reason for the deposit. (Exhibit D April 2012

Bank of America/Second Life, LLC bank account record and Exhibit E April 8, 2014 Transcript of the Debtor's Bankr. R. 2004 Examination, P11-12).

12. The Debtor's signature appears on all checks written on the account during 2012.

13. On June 27, 2012 the Debtor wrote a check from the Second Life, LLC Bank of America checking account for $75,000.00 to the Defendant. According to the memo line on the check and the Debtor's testimony, the check was a loan to the Defendant. (Exhibit F – Copy of Cancelled Check to Defendant from Second Life, LLC Bank of America Checking Account, Exhibit E P39-41).

14. The Debtor testified that the entire loan was repaid as of the time of his April 8, 2014 deposition. (Exhibit E P39-41).

15. On April 9, 2014 the Plaintiff served a subpoena on the Defendant with an accompanying letter to request records evidencing the loan and repayment status. (Exhbit G April 9, 2014 Letter to Defendant, Exhibit H April 9, 2014 subpoena to Defendant).

16. The Defendant promptly provided records that confirmed that all but $25,000.00 was repaid to the Debtor prior to the January 1, 2013 bankruptcy filing.

17. The records also show that the Defendant paid $18,800.00 to the Debtor by checks payable to the Debtor, Robert Shumake after the January 1, 2013 bankruptcy filing for which the Debtor has failed to notify the Trustee or otherwise turn over to the Trustee upon receipt. (Exhibit I Subpoena Response Documents by the Defendant).

18. The records further show that the Debtor allocated $6,200.00 of the outstanding loan to a donation for the Defendant and did not receive this amount which the Defendant has retained. (Exhibit I P3).

19. On April 17, 2014, the Plaintiff made a demand on the Defendant for turnover of the $6,200.00 it retained as a donation post-petition for the reason that it is an avoidable post-petition transfer of the Debtor's assets.

20. The Defendant has failed or refused to turn over the $6,200.00 it retained from the loan due to the Debtor.

21. The $6,200.00 it retained is property of the bankruptcy estate as defined by 11 U.S.C. §541(a)(1).

## COUNT I AVOIDABLE POST-PETITION TRANSFER

The Plaintiff incorporates by reference paragraphs 1 through 21 above and says:

22. 11 U.S.C. §549 says:

> **(a)** Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—
> > **(1)** that occurs after the commencement of the case; and
> > > **(B)** that is not authorized under this title or by the court.

23. The conversion of $6,200.00 from an outstanding loan balance by the Debtor to a donation by the Debtor which the Defendant retained constitutes a transfer or transfers as defined at 11 U.S.C. §101(54)(D).

24. The transfer occurred after the January 1, 2013 bankruptcy filing date.

25. The transfer is not authorized under the Bankruptcy Code.

26. The exceptions provided in subsections (b) and (c) of 11 U.S.C. §549 are inapplicable to this case.

WHEREFORE this court should enter a judgment in the Plaintiff's favor and against the Defendants avoiding the subject transfer in the amount of $6,200.00 and awarding judgment interest and costs as the court deems appropriate and acceptable.

## **COUNT II LIABILITY OF TRANSFEREE OF AVOIDED TRANSFER**

The Plaintiff realleges and incorporates paragraphs 1 through 26 and says:

27. 11 U.S.C. §550 says:

> **(a)** . . . . to the extent that a transfer is avoided under section . . ..
> 549 of this title, the trustee may recover, for the benefit of the
> estate, the property transferred, or, if the court so orders, the value
> of such property, from—
> **(1)** the initial transferee of such transfer or the entity for
> whose benefit such transfer was made; or
> **(2)** any immediate or mediate transferee of such initial
> transferee.

28. Second Life, LLC was the initial transferee and the Defendant is the immediate transferee of the initial transferee.

WHEREFORE the Plaintiff prays for entry of a judgment in her favor and against the Defendant in the amount of the transfers or $6,200.00 plus interest and costs as the court deems appropriate and acceptable.

Dated: July 8, 2014  /s/Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Attorney for the Trustee
Law Offices of Schneider Miller, P.C.
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850
kclayson@schneidermiller.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                        In Bankruptcy

**ROBERT SHUMAKE**,                 Case No. 13-40001-wsd
                                              Chapter 7
                                              Hon. Walter Shapero
     Debtor(s).
_____/
**K. JIN LIM, TRUSTEE,**

     Plaintiff,

v.                                              Case No.
                                             Hon. Walter Shapero
**MUSIC HALL CENTER FOR
PERFORMING ARTS, INC.,**

     Defendant(s).

_____/

## **EXHIBIT LIST**

| EXHIBIT | DESCRIPTION |
|---|---|
| A | Statement of Financial Affairs |
| B | Excerpts from Transcript of the Debtor's March 11, 2014 Bankr. R. 2004 Examination |
| C | March 2012 Bank of America/Second Life, LLC bank account record |
| D | April 2012 Bank of America/Second Life, LLC bank account record |
| E | Excerpts from the Transcript of the Debtor's April 8, 2014 Bankr. R. 2004 Examination |

| | |
|---|---|
| F | Copy of cancelled check to Defendant |
| G | April 9, 2014 Letter to Music Hall Center for the Performing Arts, Inc. |
| H | April 9, 2014 Subpoena to Defendant |
| I | Subpoena Response Documents by the Defendant |