UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                                In Bankruptcy

**ROBERT SHUMAKE**,                   Case No. 13-40001-wsd
                                                              Chapter 7
                                                              Hon. Walter Shapero

     Debtor(s).
_____/

**K. JIN LIM, TRUSTEE**

Plaintiff

v.                                                              Case No.
                                                              Hon. Walter Shapero

**NEHRU SHUMAKE and
DORCAS SHUMAKE,**

     Defendants.
_____/

## **COMPLAINT**

     K. Jin Lim, Trustee, in the Chapter 7 Bankruptcy of Robert Shumake, by her attorneys, Schneider Miller P.C., states as follows:

     1.     K. Jin Lim (the "Plaintiff") is the duly appointed Chapter 7 bankruptcy trustee of the Robert Shumake bankruptcy estate ("Debtor") and the Plaintiff in this lawsuit.

     2.     Debtor filed his petition for bankruptcy relief on January 1, 2013.

     3.     The Defendants Nehru Shumake and Dorcas Shumake (the "Defendants") are married to each other and are Michigan residents who both reside at 14567 Faust Ave, Detroit, MI 48223.

4. This lawsuit is an action to avoid a fraudulent transfer of money and to recover the transfer for the estate pursuant to 11 U.S.C. §§548, 550 and Bankr. R. 7001(1).

5. This is a core proceeding and this court has jurisdiction of this matter pursuant to 28 U.S.C. §157(b)(2)(H).

6. The Debtor's Statement of Financial Affairs ("SOFA") states at question 2 that his 2012 income was $300,000.00 from life insurance proceeds. (Exhibit A).

7. The Debtor confirmed in testimony on March 11, 2014 that he received a payment of approximately $300,000.00 in 2012 for life insurance proceeds as a result of the death of his friend Rodney Prater's father, after paying some or all of the life insurance premium for some time prior to the death of Mr. Prater's father. The Debtor did not recall the name of his friend's father. (Exhibit B March 11, 2014 Transcript of Debtor's Bankr. R. 2004 Exam P83L2).

8. The Bank of America bank account records for Second Life, LLC show a deposit of $300,575.00 which took place on March 29, 2012. (Exhibit C March 2012 Bank of America/Second Life, LLC bank account record).

9. The Debtor's testimony confirmed that this deposit was the deposit of the life insurance proceeds he received in 2012. (Exhibit B P81L2).

10. Another deposit of $404,000.00 was made on April 18, 2014. The Debtor was unable to explain the source or the reason for the deposit. (Exhibit D April 2012 Bank of America/Second Life, LLC bank account record and Exhibit E April 8, 2014 Transcript of the Debtor's Bankr. R. 2004 Examination, P11-12).

11. The Debtor's signature appears on all checks written on the account during 2012.

12. The Debtor's SOFA at question 7 regarding gifts indicated a gift of $30,000.00 to a church known as Solid Rock Assembly of God. (Exhibit A).

13. Despite a year's old request for records, the Debtor has failed to provide any record regarding the payment to verify that the payment had been made.

14. On May 13, 2013, the Plaintiff made a demand on Norflette Shumake, Resident Agent of Solid Rock Assembly of God, for return of the $30,000.00. (Exhibit F, May 13, 2013 Letter to Norflette Shumake).

15. Sometime after the May 13, 2013 letter, Norflette Shumake called the Plaintiff's counsel and indicated that the Debtor provided incorrect information and that the proceeds were in fact paid to the church that is run by the Defendants and is known as Live Again Outreach Ministries.

16. The Plaintiff then made a demand on the Defendants' church. (Exhibit G June 12, 2013 Letter to Nehru Shumake for Live Again Outreach Ministries).

17. The Defendant Nehru Shumake responded and indicated the payment was actually made by a company called Second Life, LLC to he and his wife and he sent a photograph of the check reflecting the same. (Exhibit H, Email and Check Copy).

18. Based on the photograph, the Plaintiff was able to determine that the check was paid from a Second Life, LLC account at Bank of America.

19. On or about July 15, 2013 the Plaintiff subpoenaed the bank account records for this account, which confirmed the check was in fact paid to the Defendants

on March 27, 2012 and cleared on March 28, 2012. (Exhibit I March 27, 2012 Cancelled Check).

20. The Debtor disclosed in his SOFA at question 18 regarding his interests in businesses an interest in a company known as Second Life, LLC and the Debtor indicated "has not conducted business."

21. The Debtor's testimony regarding the reason for the payment was that he felt he "owed" them. Nonetheless, the Debtor testified that the Defendants never paid the premiums and he testified the Defendants were not beneficiaries of the proceeds. (Exhibit E April 8, 2014 Exam Transcript P14-15).

22. On April 14, 2014, the Plaintiff made a demand for the Defendants to turn over $30,000.00 on the basis that it was a fraudulent transfer pursuant to 11 U.S.C. §548. (Exhibit J April 14, 2014 Letter to Nehru and Dorcas Shumake).

23. The Defendants have failed or refused to turn over the $30,000.00 paid by the Debtor.

## **COUNT I FRAUDULENT TRANSFER**

The Plaintiff incorporates by reference paragraphs 1 through 23 above and says:

24. 11 U.S.C. §548 says:

> **(a)(1)** The trustee may avoid any transfer . . . . of an interest of the debtor in property, or any obligation . . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> > **(A)** made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted;

or

**(B)**
    **(i)** received less than a reasonably equivalent value in exchange for such transfer or obligation; and
    **(ii)**
        **(I)** was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
        **(II)** was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
        **(III)** intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
        **(IV)** made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

25. Payment by the Debtor to the Defendants of $30,000.00 constitutes a transfer as defined at 11 U.S.C. §101(54)(D).

26. The Debtor's conduct including the misrepresentations made in the Debtor's SOFA regarding the life insurance proceeds, misidentifying the recipient of a $30,000.00 gift and the failure to produce records or evidence related to the payment support that the Debtor made the transfer of $30,000.00 with the actual intent to hinder, delay and defraud creditors.

27. Alternatively, the Debtor's own testimony reflecting the reason for the payment shows that the Debtor did not receive reasonably equivalent value for the transfer of $30,000.00.

28. The Debtor was insolvent during 2012 and the time when the transfer was made.

29. The Debtor engaged in several transfers during the course of 2012 totaling hundreds of thousands of dollars and has failed to keep or provide records that substantiate or explain the transfers. The series of transfers depleted all funds in Second Life, LLC, leaving the Debtor with minimal assets to meet his liabilities as of his January 1, 2013 bankruptcy filing.

30. The Debtor faced multiple lawsuits and multimillions in claims by creditors at the time of the transfer reflecting the likelihood that the Debtor would be unable to meet his obligations.

31. The Debtor made the transfer to or for the benefit of an insider as the term is defined at 11 U.S.C. §101(31)(A) where the initial transfer was to his own LLC and then the subsequent transfer went to the Defendants who are his brother and his sister-in-law, respectively. Furthermore the transfer was not made in the ordinary course of the Debtor's business.

WHEREFORE this court should enter a judgment in the Plaintiff's favor and against the Defendants avoiding the subject transfer in the amount of $30,000.00 and awarding judgment interest and costs as the court deems appropriate and acceptable.

**COUNT II LIABILITY OF TRANSFEREE OF AVOIDED TRANSFER**

The Plaintiff realleges and incorporates paragraphs 1 through 31 and says:

32. 11 U.S.C. §550 says:

> **(a)** . . . . to the extent that a transfer is avoided under section . . .. 548 of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

>> **(1)** the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> **(2)** any immediate or mediate transferee of such initial transferee.

33. Second Life, LLC was the initial transferee and the Defendants are the immediate transferee of the initial transferee.

WHEREFORE the Plaintiff prays for entry of a judgment in her favor and against the Defendants in the amount of the transfer or $30,000.00 plus interest and costs as the court deems appropriate and acceptable.

Dated: July 9, 2014
/s/Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Attorney for the Trustee
Law Offices of Schneider Miller, P.C.
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850
kclayson@schneidermiller.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:　　　　　　　　　　　　　　In Bankruptcy

**ROBERT SHUMAKE**,　　　　　　　　　　　Case No. 13-40001-wsd
　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　　　　　　　　　　　　　　　　　Hon. Walter Shapero
　　　　Debtor(s).
_____/

**K. JIN LIM, TRUSTEE**

Plaintiff

v.　　　　　　　　　　　　　　　　　　　　　Case No.
　　　　　　　　　　　　　　　　　　　　　　Hon. Walter Shapero
**NEHRU SHUMAKE and
DORCAS SHUMAKE,**

　　　　Defendants.
_____/

## **EXHIBIT LIST**

| EXHIBIT | DESCRIPTION |
|---|---|
| A | Statement of Financial Affairs |
| B | Excerpts from Transcript of the Debtor's March 11, 2014 Bankr. R. 2004 Examination |
| C | March 2012 Bank of America/Second Life, LLC bank account record |
| D | April 2012 Bank of America/Second Life, LLC bank account record |
| E | Excerpts from the Transcript of the Debtor's April 8, 2014 Bankr. R. 2004 Examination |

| | |
|---|---|
| F | May 13, 2013 Letter to Norflette Shumake |
| G | June 12, 2013 Letter to Nehru Shumake for Live Again Outreach Ministries |
| H | Email and Check Copy |
| I | March 27, 2012 Cancelled Check |
| J | April 14, 2014 Letter to Nehru and Dorcas Shumake |