UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                      In Bankruptcy

**ROBERT SHUMAKE**,            Case No. 13-40001-wsd
                                                  Chapter 7
                                                  Hon. Walter Shapero

     Debtor(s).
_____/

**K. JIN LIM, TRUSTEE,**

     Plaintiff,

v.                                                    Case No.
                                                  Hon. Walter Shapero

**ADRIENNE LANCE LUCAS,**

     Defendant(s).
_____/

## **COMPLAINT**

      K. Jin Lim, Trustee, in the Chapter 7 Bankruptcy of Robert S. Shumake, by her attorneys, Schneider Miller P.C., states as follows:

      1.      K. Jin Lim (the "Plaintiff") is the duly appointed Chapter 7 bankruptcy trustee of the Robert Shumake bankruptcy estate ("Debtor") and the Plaintiff in this lawsuit.

      2.      Debtor filed his petition for bankruptcy relief on January 1, 2013.

      3.      The Defendant Adrienne Lance Lucas is a Georgia resident whose address is: 6692 St. Abernathy Drive, Mapleton, Georgia 30126.

      4.      The Defendant is a member of several Michigan Limited Liability Companies and is a business partner of the Debtor.

5. This lawsuit is an action to avoid a fraudulent transfer of money and to recover the transfer for the estate pursuant to 11 U.S.C. §§548, 550 and Bankr. R. 7001(1).

6. This is a core proceeding and this court has jurisdiction of this matter pursuant to 28 U.S.C. §157(b)(2)(H).

7. The Debtor's Statement of Financial Affairs ("SOFA") states at question 2 that his 2012 income was $300,000.00 from life insurance proceeds. (Exhibit A).

8. The Debtor confirmed in testimony on March 11, 2014 that he received a payment of approximately $300,000.00 in 2012 for life insurance proceeds as a result of the death of his friend Rodney Prater's father, after paying some or all of the life insurance premium for some time prior to the death of Mr. Prater's father. The Debtor did not recall the name of his friend's father. (Exhibit B March 11, 2014 Transcript P83L2).

9. The Debtor disclosed in his SOFA at question 18 regarding his interests in businesses an interest in a company known as Second Life, LLC and the Debtor indicated in the SOFA it "has not conducted business."

10. The Bank of America bank account records for Second Life, LLC show a deposit of $300,575.00 which took place on March 29, 2012. (Exhibit C March 2012 Bank of America/Second Life, LLC bank account record).

11. The Debtor's testimony confirmed that this deposit was the deposit of the life insurance proceeds he received in 2012. (Exhibit B P81L2).

12. Another deposit of $404,000.00 was made on April 18, 2014. The Debtor was unable to explain the source or the reason for the deposit. (Exhibit D April 2012

Bank of America/Second Life, LLC bank account record and Exhibit E April 8, 2014 Transcript of the Debtor's Bankr. R. 2004 Examination, P11-12).

13. The Debtor's signature appears on all checks written on the account during 2012.

14. The Debtor wrote four checks to the Defendant from the Second Life, LLC Bank of America checking account totaling $48,000.00. (Exhibit F – Copy of Cancelled Checks to Defendant from Second Life, LLC Bank of America Checking Account).

15. The Debtor testified that the Defendant received these checks as a form of compensation for consulting. Nonetheless, the Debtor could not explain with any particularity who the Defendant was consulting, the purpose or subject matter of the consulting services or provide any basis for the reason that Second Life, LLC or the Debtor was obligated to pay the Defendant for consulting services. The only reason the Debtor could give was that the compensation was based on the fact that the Defendant had a Harvard business degree. (Exhibit E P 17 – 19).

16. On June 4, 2014, the Plaintiff sent a letter to the Defendant requesting within 30 days records to substantiate or explain the reason for payments of $48,000.00 or alternatively to turn over the $48,000.00 fraudulently transferred. (Exhibit G, June 4, 2014 Letter to the Defendant).

17. The Defendant has failed or refused to turn over the $48,000.00 or otherwise provide records to explain the reason for the receipt of $48,000.00.

**COUNT I FRAUDULENT TRANSFER**

The Plaintiff incorporates by reference paragraphs 1 through 17 above and says:

18. 11 U.S.C. §548 says:

> **(a)(1)** The trustee may avoid any transfer . . . . of an interest of the debtor in property, or any obligation . . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> **(A)** made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted;
>
> or
>
> **(B)**
> **(i)** received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> **(ii)**
> > **(I)** was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
> > **(II)** was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
> > **(III)** intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
> > **(IV)** made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

19. Payments by the Debtor to the Defendant of $48,000.00 constitute a transfer or transfers as defined at 11 U.S.C. §101(54)(D).

20. The Debtor's conduct including failure to keep records to support the reason for the payments show that the transfers were made by the Debtor with the actual intent to hinder, delay and defraud creditors.

21. Alternatively, the Debtor's failure to produce records or provide testimony to substantiate the reasons for the payments shows that the Debtor did not receive reasonably equivalent value for the transfers that total $48,000.00.

22. The Debtor was insolvent during 2012 and the time when the transfer was made.

23. The Debtor engaged in transfers of several hundreds of thousands of dollars during the course of 2012 that depleted all funds in Second Life, LLC that left the Debtor with no assets as of his January 1, 2013 bankruptcy filing.

24. The Debtor faced multiple lawsuits and multimillions in claims by creditors at the time of the transfer reflecting the likelihood that the Debtor would be unable to meet his obligations.

25. The Debtor made the transfer to or for the benefit of an insider as the term is defined at 11 U.S.C. §101(31)(A) where the initial transfer was to his own LLC and then the subsequent transfer went to the Defendant who is his business partner in Second Life, LLC as well as many other of the Debtor's businesses. Furthermore the transfer was not made in the ordinary course of the Debtor's business.

WHEREFORE this court should enter a judgment in the Plaintiff's favor and against the Defendant avoiding the subject transfer in the amount of $48,000.00 and awarding judgment interest and costs as the court deems appropriate and acceptable.

**COUNT II LIABILITY OF TRANSFEREE OF AVOIDED TRANSFER**

The Plaintiff realleges and incorporates paragraphs 1 through 25 and says:

26. 11 U.S.C. §550 says:

> **(a)** . . . . to the extent that a transfer is avoided under section . . ..
> 549 of this title, the trustee may recover, for the benefit of the

estate, the property transferred, or, if the court so orders, the value of such property, from—
 (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
 (2) any immediate or mediate transferee of such initial transferee.

27. Second Life, LLC was the initial transferee and the Defendant is the immediate transferee of the initial transferee.

WHEREFORE the Plaintiff prays for entry of a judgment in her favor and against the Defendant in the amount of the transfers or $48,000.00 plus interest and costs as the court deems appropriate and acceptable.

Dated: July 9, 2014  /s/Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Attorney for the Trustee
Law Offices of Schneider Miller, P.C.
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850
kclayson@schneidermiller.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                                  In Bankruptcy

**ROBERT SHUMAKE**,                       Case No. 13-40001-wsd
                                                        Chapter 7
                                                        Hon. Walter Shapero

    Debtor(s).
_____/

**K. JIN LIM, TRUSTEE,**

    Plaintiff,

v.                                                   Case No.
                                                  Hon. Walter Shapero

**ADRIENNE LANCE LUCAS,**

    Defendant(s).
_____/

## **EXHIBIT LIST**

| EXHIBIT | DESCRIPTION |
|---|---|
| A | Statement of Financial Affairs |
| B | Excerpts from Transcript of the Debtor's March 11, 2014 Bankr. R. 2004 Examination |
| C | March 2012 Bank of America/Second Life, LLC bank account record |
| D | April 2012 Bank of America/Second Life, LLC bank account record |
| E | Excerpts from the Transcript of the Debtor's April 8, 2014 Bankr. R. 2004 Examination pp 11-12, 17-19 |
| F | Copy of Cancelled checks to Defendant From Second Life, LLC Bank of America Checking Account |