STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                                           In Bankruptcy

**ROBERT S. SHUMAKE,**                       Case No. 13-40001-wsd
                                                             Chapter 7
                                                             Hon. Walter Shapero

            Debtor(s).
_____/

**MOTION FOR ORDER APPROVING COMPROMISE:
SETTLEMENT AGREEMENT BETWEEN
<u>K. JIN LIM, TRUSTEE AND DEBTOR</u>**

       K. Jin Lim, Trustee by her attorneys, Schneider Miller, PC states as follows:

       1.      The Debtor Robert S. Shumake filed his petition for Chapter 7 Bankruptcy on January 1, 2013 (the "Petition Date").

       2.      K. Jin Lim is the duly appointed Chapter 7 Trustee.

       3.      The Debtor filed schedules and statements with his bankruptcy petition.

       4.      The Trustee investigated the Debtor's financial affairs and made requests to the Debtor for records pertaining to his financial affairs.

       5.      The Trustee and the Debtor are in dispute regarding whether the Debtor has fully complied with the court's order authorizing a 2004 examination (Docket No. 27) of the Debtor which included document production.

       6.      On June 7, 2013 the United States Trustee initiated an adversary proceeding against the Debtor (Adv. P. No. 13-04661) (the "Adversary Proceeding") seeking denial of the Debtor's discharge pursuant to 11 U.S.C. §727. The United States Trustee included claims raised by the Trustee regarding the Debtor's failure to produce certain records to fully ascertain the Debtor's financial affairs.

7. On January 9, 2014, the United States Trustee filed a joint statement of dismissal notifying creditors of the United States Trustee's intent to dismiss the Adversary Proceeding.

8. The Trustee timely objected to the dismissal of the Adversary Proceeding.

9. The court held a hearing on the Trustee's objection and ruled to allow the Trustee to intervene in the lawsuit pursuant to Bankr. R. 7024 or to seek court authority to file a complaint under Bankr. R. 4004(b)(2).

10. The Trustee timely filed a motion seeking intervention in the Adversary Proceeding and also seeking to amend the underlying complaint to add certain counts related to the transfer of certain cash to third parties and collection of a loan due and owing to the Debtor from Music Hall Center for Performing Arts that the Trustee asserts is property of the estate that the Debtor converted to his own use (the "Loan").

11. The court authorized the Trustee's intervention and permitted the Trustee to amend the complaint filed by the United States Trustee as requested in her motion.

12. The parties have since reached an agreement to resolve the estate's claims against the Debtor subject to bankruptcy court approval.

13. The agreement provides that the Debtor is to pay the Trustee $35,000.00 in three installments, the first installment in the amount of $12,000.00 is to be paid within 60 days of entry of an order approving this settlement, the second installment in the amount of $12,000.00 is to be paid 90 days after entry of the order approving this settlement, the third and final installment of $11,000.00 is to be paid 120 days after entry of the order approving this settlement. Payments shall be made payable to K. Jin Lim, Trustee and delivered to the Trustee's address of record at 176 S Harvey Street, Plymouth, MI 48170.

14. It will remain the Debtor's sole duty to ensure that payments are timely made and delivered to the Trustee according to the above schedule and the Debtor

shall apprise himself of the deadlines for making payment and he will solely responsible to ensure timely delivery of each and every payment due to the Trustee.

15. In exchange for the settlement payments and other terms for settlement, the Trustee will agree to dismiss the Adversary Proceeding without prejudice to the Trustee's right to reopen the Adversary Proceeding in the event that the Debtor defaults on the settlement terms of this stipulation. In such event that the Debtor defaults the Trustee at her discretion may proceed to amend the complaint in the Adversary Proceeding and litigate the adversary proceeding against the Debtor.

16. In the event that the Debtor defaults on timely payment of any one of the three installments due from the Debtor under this settlement agreement, the Trustee may also file an affidavit of default with the court and upon such the Trustee may obtain a default judgment in her favor and against the Debtor for $56,400.00 which represents the Trustee's treble damages claim related to the Debtor's post-petition collection of the Loan. The default judgment will be reduced by any amounts actually paid by the Debtor prior to any subsequent default.

17. The Trustee will also be permitted to collect attorney fees and costs from the Debtor of no more than half of the unpaid balance due on the default judgment at the time of the Debtor's default for the cost of collecting the default judgment due to the estate.

18. The Trustee's deferment, delay or other failure to enforce the terms of default at any given time will not constitute a waiver of the Trustee's right to enforce the default provisions of this lawsuit at any future point in time.

19. Upon timely payment in full by the Debtor of the settlement payments totaling $35,000.00, the Trustee will seek dismissal of the Adversary Proceeding with prejudice including any claims the Trustee has against the Debtor for collection of the Loan.

20. The Trustee believes that Court approval of this settlement is in the best interest of the estate and its creditors for the reason, among others, that the costs of

litigation and the costs of a sale of the subject real estate are unwarranted in light of the proposed settlement.  There may also be defenses raised which subject the estate to a risk of no recovery.

21. It is generally held that he bankruptcy court may approve a settlement if it is fair and equitable and is in the estate's best interest.  *Reynolds v. C.I.R.*, 861 F.2d 469, 473 (Sixth Cir., 1988); *In Re American Reserve Corp.*, 849 F.2d 159, 161 (Seventh Cir., 1987).

22. Four Factors are relevant to the bankruptcy court's review of a proposed compromise:

> a. The probability of success in the litigation;
>
> b. The difficulties, if any, to be encountered in the matter of collection;
>
> c. The complexity of the litigation involved, the expense, inconvenience, and delay necessarily attending it; and
>
> d. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In Re Jackson Brewing Co.*, 624 F.2d 605, 607 (Fifth Cir., 1980); *In Re American Reserve Corp.*, 841 F.2d 161; *In Re Woodson*, 839 F.2d 610, 620 (Ninth Cir., 1998). The Trustee, in recommending that this court approve the proposed compromise, has given due weight to the four (4) criteria set forth above and believes that the proposed compromise is fair and equitable and in the best interest of the estate and its creditors.

23. The Trustee has provided notice to creditors of the proposed compromise of the claim in accordance with L.B.R. 9014-1 (E.D.M.).

WHEREFORE the Trustee prays that this court enter an order authorizing the Trustee to settle claims against the Debtor as presented in this motion.

Dated: July 28, 2014               /s/Kimberly Ross Clayson
                                   Kimberly Ross Clayson (P69804)
                                   Schneider Miller, PC
                                   645 Griswold, Suite 3900
                                   Detroit, MI 48226
                                   (313) 237-0850
                                   kclayson@schneidermiller.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of:                        In Bankruptcy

**ROBERT S. SHUMAKE,**            Case No. 13-40001-wsd
                                            Chapter 7
                                            Hon. Walter Shapero

        Debtor(s).
_____/

## Exhibit List

| Exhibit | Description |
|---------|-------------|
| A | Proposed Stipulated Settlement Agreement |
| 1 | Proposed Order |
| 2 | Notice of Opportunity to Respond |
| 3 | Certificate of Service |

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In the Matter of:                              In Bankruptcy

**ROBERT S. SHUMAKE,**                Case No. 13-40001-wsd
                                                  Chapter 7
                                                  Hon. Walter Shapero

        Debtor(s).
_____/

## ORDER APPROVING COMPROMISE

THIS MATTER having come before the court upon the Trustee's Motion for Order Approving Compromise: Settlement Agreement Between K. Jin Lim, Trustee and Debtor, Robert S. Shumake, Notice of the Motion having been served on all creditors who have timely filed proofs of claim and no response or objection having been timely filed nor served,

IT IS HEREBY ORDERED that the Trustee is authorized to compromise the estate's claims against the Debtor according to the following terms:

       a.      the Debtor shall pay the Trustee $35,000.00 in three installments, the first installment in the amount of $12,000.00 is to be paid within 60 days of entry of this order, the second installment in the amount of $12,000.00 is to be paid 90 days after entry of this order, the third and final installment of $11,000.00 is to be paid 120 days after entry of this order. Payments shall be made payable to K. Jin Lim, Trustee and delivered to the Trustee's address of record at 176 S Harvey Street, Plymouth, MI 48170.

       b.      It shall remain the Debtor's sole duty to ensure that payments are timely made and delivered to the Trustee according to the above schedule and the Debtor shall apprise himself of the deadlines for making payment and he shall be solely responsible to ensure timely delivery of each and every payment due to the Trustee.

c. In exchange for the settlement payments and other terms for settlement outlined in this order, the Trustee shall dismiss the Adversary Proceeding without prejudice to the Trustee's right to reopen the Adversary Proceeding in the event that the Debtor defaults on the settlement terms of this stipulation. In such event that the Debtor defaults the Trustee at her discretion may proceed to amend the complaint in the Adversary Proceeding and litigate the adversary proceeding against the Debtor.

d. In the event that the Debtor defaults on timely payment of any one of the three installments due from the Debtor under this settlement agreement, the Trustee may also file an affidavit of default with the court and upon such the Trustee may obtain a default judgment in her favor and against the Debtor for $56,400.00. The default judgment shall be reduced by any amounts actually paid by the Debtor prior to any subsequent default.

e. The Trustee may collect attorney fees and costs from the Debtor of no more than half of the unpaid balance due on the default judgment at the time of the Debtor's default for the cost of collecting the default judgment due to the estate.

f. The Trustee's deferment, delay or other failure to enforce the terms of default at any given time shall not constitute a waiver of the Trustee's right to enforce the default provisions of this lawsuit at any future point in time.

g. Upon timely payment in full by the Debtor of the settlement payments totaling $35,000.00, the Trustee shall seek dismissal of the Adversary Proceeding with prejudice including any claims the Trustee has against the Debtor for collection of a loan repayment collected by the Debtor post-petition from Music Hall Center for Performing Arts.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                                    In Bankruptcy

**ROBERT S. SHUMAKE**,                         Case No. 13-40001-wsd
                                                           Chapter 7
                                                           Hon. Walter Shapero

           Debtor(s).
_____/

**NOTICE OF TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE**

TO:     ALL CREDITORS AND PARTIES IN INTEREST:

        K. Jin Lim, Trustee has filed papers with the court entitled Motion for Order Approving Compromise: Settlement Agreement Between K. Jin Lim, Trustee and the Debtor. The Parties have agreed to settle the estate's interest claims against the Debtor to be paid by the Debtor in three installments totaling $35,000.00 to be paid in full within 120 days of an order approving settlement. Default terms for the Debtor's failure to pay are also proposed for approval.

        **Your right may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

        If you do not want the court to grant the relief sought in the application, or if you want the court to consider your views on the application, within twenty-one (21) days of the date of this notice, you or your attorney must:

1.     File with the court a written objection or request for hearing on the application explaining your position, at:
                                United States Bankruptcy Court
                                211 West Fort Street, Suite 2100
                                Detroit, Michigan 48226

        If you mail your objection or request for hearing to the court for the filing, you must mail it early enough so that the court will **receive** it on or before the 21-day period expires.

        You must also mail a copy to:
                                Kimberly Ross Clayson
                                Schneider Miller, P.C.
                                645 Griswold, Suite 3900
                                Detroit, Michigan 48226

2.     If an objection or request for hearing is timely filed and served, the clerk will schedule a hearing on the application and you'll be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief in the application and may enter an order granting that relief.**


Dated: July 28, 2014                                   /s/Kimberly Ross Clayson
                                                                Kimberly Ross Clayson (P69804)
                                                                Attorney for the Trustee
                                                                Schneider Miller, P.C.
                                                                645 Griswold, Suite 3900
                                                                Detroit, MI 48226
                                                                313-237-0850
                                                                kclayson@schneidermiller.com

STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                                    In Bankruptcy

**ROBERT S. SHUMAKE,**                  Case No. 13-40001-wsd
                                                   Chapter 7
                                                   Hon. Walter Shapero

           Debtor(s).
_____/

## CERTIFICATE OF SERVICE

Re:    Trustee's Application for Order Approving Compromise, Stipulation to Settle, Proposed Order, Notice of Opportunity to Respond and Certificate of Service.

I hereby certify that on this 28th day of July 2014, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to the office of the United States Trustee and all those listed by the court as receiving electronic notices in this case from the court's CM/ECF system.

I also certify that on this 28th day of July, 2014, the Notice of the Trustee's Application was served via first class mail, postage prepaid, to all creditors having filed proofs of claims.

Dated: July 28, 2014                          */s/Kimberly Ross Clayson*
                                                         Kimberly Ross Clayson (P69804)
                                                         Attorney for the Trustee
                                                         Schneider Miller, P.C.
                                                         645 Griswold, Suite 3900
                                                         Detroit, MI 48226
                                                         313-237-0850
                                                         kclayson@schneidermiller.com