# ASSET PURCHASE AGREEMENT

**THIS AGREEMENT** is made as of the 20th day of January, 2015 (the "Effective Date"), by and between K. Jin Lim (the "Trustee"), the trustee of the Chapter 7 bankruptcy estate (the "Estate") of Robert S. Shumake (the "Seller"), and Adrienne Lance Lucas (the "Buyer").

## Recitals

A. On January 1, 2013, Robert S. Shumake (the "Debtor") filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Abuse, Prevention and Consumer Protection Act of 2005, in the United State Bankruptcy Court for the Eastern District of Michigan (the "Court"). Trustee is the trustee of Debtor's bankruptcy estate.

B. Buyer desires to purchase, and Seller desires to sell, the following assets (the "Assets") of Seller: (i) the estate's interest in ICG Real Estate Advisors, LLC.

**NOW THEREFORE**, in consideration of the mutual covenants contained below and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1. Sale. On the terms and subject to the conditions of this Agreement, Seller shall sell, convey and assign to Buyer on the Closing Date (as defined below), the Assets.

2. Purchase. In full consideration for the sale of the Assets and the performance by Seller of its covenants and agreements contained in this Agreement, Buyer shall, on the terms and subject to the conditions of this Agreement, purchase the Assets from Seller and pay to Seller the Purchase Price.

3. Purchase Price. The purchase price (the "Purchase Price") shall be $150,000.00.

4. Payment of Purchase Price. The Purchase Price shall be payable in certified funds on or before January 30, 2015 at 5:00 pm (EST). However, the Purchaser shall provide the Trustee with proof of the availability of the funds, in accordance with the terms of the settlement agreement between the parties, on or before January 23, 2015 at 5:00 p.m. (EST). The Trustee shall deposit the funds in an Estate account and not disburse any funds until an Order authorizing the sale is entered by the Bankruptcy Court and the Trustee has transferred a fully executed bill of sale to the Buyer.

5. Conveyance. Seller shall sell and transfer to Buyer all of the Estate's rights, title and interest to all of the Assets, free and clear of all liens, encumbrances and security interests. The transaction is subject to the approval of the U.S. Bankruptcy Court for the Eastern District of Michigan.

6. <u>Sale Motion</u>. Within 7 days of the Buyer executing this Agreement, Trustee shall withdraw her motion to approve compromise certain claims and interest involving the General Retirement System of the City of Detroit and the Police and Fire Retirement System of the City of Detroit, and file a motion (the "Sale Motion") requesting the Court to enter an order (the "Sale Order") approving this Agreement and the transfer of the Assets to Seller free and clear of all liens, encumbrances and security interests. The date on which the Sale Order is entered by the Court is hereinafter referred to as the "Order Date".

7. <u>Termination of Agreement</u>. If the Bankruptcy Court does not approve the sale, or in the event that an auction takes place and the Buyer is not the successful bidder, the Purchase Price shall be returned to Buyer and the parties shall be returned to the positions that each held prior to the execution of this Agreement.

8. <u>Miscellaneous Provisions</u>.

   (a) The Court shall retain exclusive jurisdiction with respect to all matters arising from or related to this Agreement or the Sale Order.

   (b) Buyer and Seller shall execute any and all additional documents necessary to effectuate the terms of this Agreement and/or the Sale Order.

   (c) This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument and shall be effective as though all parties have signed the same copy of this Agreement. For the purposes of this Agreement, a signature or signatures delivered via facsimile or e-mail (in portable document format) shall be deemed to be an original signature or signatures when attached to this Agreement or to any other document or notice provided for in this Agreement.

   (d) This Agreement shall be construed in accordance with and governed by laws of the State of Michigan.

   (e) This Agreement may not be modified unless such modification is in writing and is signed by the party against whom enforcement of the modification is sought.

**INTENDING TO BE LEGALLY BOUND**, this Agreement has been duly executed by the parties hereto as of and on the Effective Date.

**SELLER:**

_____
**K. Jin Lim, Trustee of the
Estate of Robert S. Shumake**

**BUYER:**

_____
**Adrienne Lance Lucas**